UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re FANNIE MAE 2008 SECURITIES LITIGATION | 1:08-cv-07831-PAC<br>MDL No. 2013 |
| COMPREHENSIVE INVESTMENT SERVICES, INC.,<br><br>             Plaintiff,<br><br>             v.<br><br>FANNIE MAE, DANIEL H. MUDD, ROBERT J. LEVIN, STEPHEN M. SWAD, ENRICO DALLAVECCHIA, CITIGROUP GLOBAL MARKETS INC., and WACHOVIA CAPITAL MARKETS LLC,<br><br>             Defendants. | 1:09-CV-06102-PAC |

**THE UNDERWRITER DEFENDANTS' OPPOSITION
TO CIS'S MOTION FOR RECONSIDERATION**

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
(212) 455-2000

*Attorneys for Citigroup Global Markets Inc.
and Wachovia Capital Markets LLC*

Jonathan K. Youngwood
George Wang
Craig S. Waldman

Citigroup Global Markets Inc. ("Citigroup") and Wachovia Capital Markets LLC ("Wachovia") (collectively, the "Underwriters") respectfully submit this opposition to CIS's motion for reconsideration of the Court's August 30, 2012 order dismissing the Underwriters from CIS's Complaint.

On April 4, 2012, the Underwriters moved to dismiss CIS's third attempt at stating a viable claim against them for (1) violation of § 27.01 of the Texas Business & Commerce Code ("TBCC"); (2) aiding and abetting violations of § 27.01(d) of the TBCC; (3) violation of the Texas Securities Act ("TSA") (against Wachovia only); (4) aiding and abetting violations of the TSA; and (5) negligent misrepresentation.  The Court granted the Underwriters' motion on August 30, 2012, finding, among other things, that "CIS has not sufficiently alleged that the offering materials contained any misstatement."  *See* Opinion & Order, dated August 30, 2012, No. 08-cv-7831-PAC, Docket No. 154 (the "Order"), at 38.  Though the Court allowed certain of CIS's claims to go forward against defendants Fannie Mae and two of its former officers, CIS now moves for reconsideration of the part of the Order that dismissed certain claims against the Underwriters.[1]

CIS fails to identify any controlling authority or facts that the Court overlooked, instead basing the motion solely on its unsubstantiated declaration that it did in fact allege that the Offering Circular contained misstatements and that the Underwriters are liable for those misstatements.  CIS's motion contains nothing the Court did not consider and reject.  Mere disagreement with the Court's decision is not a valid basis for reconsideration, and the motion should therefore be denied.

---

[1]  CIS seeks reconsideration of the Court's rulings on CIS's claims that both Underwriters are liable for statutory fraud, Wachovia is liable for a primary violation of the TSA and Citigroup is liable for a secondary violation of the TSA.  CIS does not seek reconsideration of its negligent misrepresentation claims against the Underwriters or secondary violation of the TSA claim against Wachovia.

1

**ARGUMENT**

I. **CIS Does Not Satisfy The Heavy Burden Required To Warrant A Motion to Reconsider**

"Reconsideration … is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989-PAC, 2011 WL 2150477, at *2 (S.D.N.Y. May 31, 2011) (internal quotations omitted). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotations omitted). If a movant contends that reconsideration is appropriate on the basis of error, as CIS does here, he must point to "controlling decisions or data that the court overlooked." *See Guirlando v. T.C. Ziraat Bankasi*, *A.S.*, No. 07 Civ. 10266-RJS, 2009 WL 159705, at *1 (S.D.N.Y. Jan. 7, 2009) (the standard for granting a motion for reconsideration "'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'") (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Courts in this Circuit have been clear that, while appropriate to "correct a clear error or prevent manifest injustice," reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Guirlando*, 2009 WL 159705, at *1 (internal quotations omitted); *Griffin Indus., Inc. v. Petrojam, LTD*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) ("These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."). Indeed, the Second Circuit has made clear that a motion for reconsideration is not a vehicle for "securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

2

CIS fails to meet these stringent requirements. CIS does not argue that there was "an intervening change in controlling law," that new evidence has become available, or even that the motion for reconsideration should be granted to "prevent manifest injustice." Instead, CIS simply "asks the Court to reconsider the portions of the SAC [Second Amended Complaint] referenced in CIS' Response [to Underwriters' April 4, 2012 Motion to Dismiss] that allege material misstatements in the Offering Circular." Motion at 4. It is clear from the face of the Order, however, that the Court did not overlook CIS's arguments in reaching its decision and that CIS is not advancing any factual argument that was not raised and considered during the motion to dismiss briefing and argument. Indeed, the Court was not bound by CIS's conclusory allegations and referenced the very Offering Circular, SEC filings, and arguments that CIS claims the Court should now reconsider. In dismissing the statutory fraud claims, the Court specifically observed that "[w]hile CIS alleges that the offering circular materially misstated FNMA's core capital financials, this allegation fails . . . . Other than FNMA's core capital financials, CIS does not identify any misstatement contained in the offering materials." Order at 37. In dismissing the claims for TSA violations, the Court referenced this discussion, stating "[a]s discussed above, CIS has not sufficiently alleged that the offering materials contained any misstatement." Order at 38. CIS's mere disagreement is not enough to justify reconsideration.

## II.   CIS Failed To Allege That The Underwriters Made A Misstatement

In a part of the order relating to CIS's negligent misrepresentation claims – which CIS does not challenge here – the Court found that CIS had "not sufficiently alleged that the offering materials contained misstatements, or that any such misstatement was made by the CIS Underwriters." *See* Order at 38. The claims CIS does challenge fail for the exact same reasons that the negligent misrepresentation claim failed. CIS's motion for reconsideration does not

explain why the Court should now re-review select paragraphs of CIS's Second Amended Complaint and come to a different, unsupportable conclusion with respect to other claims.

Instead of properly raising issues that could be considered on a motion for reconsideration, CIS simply states in a conclusory fashion that the Underwriters are liable for statements in the Offering Circular.  Motion at 3, 5.  This argument was raised by CIS and other plaintiffs in their motion to dismiss oppositions, considered by the Court with regard to other plaintiffs (specifically as part of the Court's analysis of Liberty Mutual's complaint), and rejected.  *See* Order at 31.  As the Underwriters explained in two rounds of briefing and argument and the Court found in the Order, all of the statements in the Series T Offering Circular were expressly and unambiguously made by Fannie Mae alone, not any of the Underwriters.  *See id.* ("All of the purported misrepresentations in the offering documents are couched in terms of "we" and "our," which clearly refer to FNMA, not [underwriter] Goldman.").  CIS adds nothing more in this Motion to justify a different result.  Rather, CIS's Motion actually *underscores* its own understanding that all statements in the offering materials were made by Fannie Mae.  *See* Motion at 4, 6 (referring repeatedly to "Fannie Mae's false statements").

### III. CIS Failed To Plead Other Elements Of Its Aiding And Abetting Claims

Reconsideration is also futile because CIS's claims fail for the additional reasons set forth in the Underwriters' briefing on their motion to dismiss.[2]  *See* Underwriters' Opening Brief, dated April 4, 2012 at 5-8; Reply Brief, dated June 18, 2012, at 4-5; *see also Cobalt Multifamily Investors I, LLC v. Shapiro*, No. Civ. 6468(KMW) (MHD), 2009 WL 4408207, at *8 (S.D.N.Y. Dec. 1, 2009) (denying motion for reconsideration where a renewed analysis led the court to change its analysis but reach "the identical conclusion as that reached in the Court's previous order").

---

[2]   CIS does not request permission to amend its Complaint, resting entirely on its conclusion that the Court's decision is incorrect.

4

### A. CIS Failed To Plead Actual Awareness Of Fannie Mae's Alleged Misrepresentations

Both of CIS's aiding and abetting claims against the Underwriters fail because the Amended Complaint's allegations do not establish that the Underwriters were aware of the alleged falsity of Fannie Mae's statements. To be liable as an aider and abettor under § 27.01, a defendant must have actual awareness of the falsity of the representation made by the primary violator. *See Woodlands Land Dev. Co. v. Jenkins*, 48 S.W.3d 415, 426 (Tex. App. 2001) (defendant "must think to himself . . . I know this is false, deceptive, or unfair . . . but I'm going to do it anyway."); *Sterling Trust Co. v. Adderley*, 168 S.W.3d 835, 842 (Tex. 2005) (under the TSA, an aider and abettor must possess a "general awareness that his role was part of an overall activity that is improper") (internal quotations omitted). CIS's allegations of the Underwriters' purported awareness were nothing more than speculation about what the Underwriters should have known by virtue of their "access to Fannie's [sic] Mae's books, records and employees," Second Am. Compl ¶¶ 254, 272, and these allegations remain insufficient despite CIS's rehashing of its own Second Amended Complaint in the pending Motion. *See Fernea v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 03-09-00566-CV, 2011 WL 2769838, at *14 (Tex. App. July 12, 2011) (affirming dismissal of aiding and abetting claim because plaintiff could show nothing more than a "mere suspicion" of general awareness); *Woodlands Land Dev. Co.*, 48 S.W.3d at 427 (simply having the "means to determine" the truth of a statement is not sufficient for actual awareness); *Frank v. Bear, Stearns & Co.*, 11 S.W.3d 380, 385 (Tex. App. 2000) (upholding dismissal of aider and abettor claims against underwriters of collateralized mortgage obligations because there was "no showing that the underwriters knew of any securities law violation").

Furthermore, CIS's citation of previously available case law does not bolster its § 27.01 aiding and abetting claim. As it did in previous briefing, CIS re-argues that "[b]oth Wachovia and Citigroup benefited from their silence by collecting their portions of the $53-63

million in fees Fannie Mae paid for the underwriting of the Series T preferred stock offering." Motion at 7.  This is incorrect, and – far from providing new facts or intervening law to suggest a new view of its argument – CIS simply cites for the first time a 2007 case that it could have but failed to cite during the motion to dismiss stage.  *Id*.  That case, *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 540 F. Supp. 2d 759 (S.D. Tex. 2007), does not warrant reconsideration of the court's order.  It simply states that "whether the requisite benefit exists *must be determined according to the facts of the particular case before a court*." *Id.* at 799 (emphasis added).  This Court, like many others, has already heard CIS's "benefit" allegations multiple times.  Indeed, the Court held, in relation to substantially similar allegations by the Liberty plaintiffs against another underwriter, that such a benefit theory "is too attenuated to be plausible, particularly given that there w[as] no misstatement," Order at 34, and CIS has provided no new "facts of the particular case" to warrant revisiting its argument.

CIS's re-argument of the same points and citation of long available case law it should have raised in the previous briefing is improper on a motion for reconsideration.

### B. CIS Failed To Plead Scienter

The TSA aiding and abetting claim against Citigroup also fails because CIS has still not sufficiently alleged that the Underwriters acted with an "intent to deceive or defraud or with reckless disregard for the truth or the law." Tex. Rev. Civ. Stat. Ann., Art. 581-33(F)(2).  To impose TSA aiding and abetting liability, CIS is required to plead, and ultimately prove, that Citigroup acted with the requisite scienter.  *See Sterling*, 168 S.W.3d at 845 ("[T]he TSA places the burden of proof on the plaintiff to prove that the defendant acted with the requisite scienter . . . ."); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 344 (5th Cir. 2008) (affirming dismissal for failure to plead scienter); *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 579 (Tex. App. 2007) (same).  But CIS's speculation as to the Citigroup's motivation to earn fees or generate

future business from Fannie Mae is not sufficient to allege scienter, particularly where, as here, the more plausible explanation is that the Underwriters were merely acting as underwriters (engaging in normal course underwriting activities).  *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) ("[An] inference of scienter . . . must be cogent and at least as compelling as any opposing inference . . . .").  Tellingly, CIS has offered nothing in previous briefing or in this Motion to address Citigroup's purported scienter in light of the more likely possibility that the financial crisis – rather than a misstatement or omission – caused the loss in value of Fannie Mae's preferred shares.

## CONCLUSION

For the reasons set forth above, CIS's motion for reconsideration should be denied.

Dated: New York, New York
       September 27, 2012

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: /s/ Jonathan K. Youngwood
    Jonathan K. Youngwood
        Email: jyoungwood@stblaw.com
    George Wang
        Email: gwang@stblaw.com
    Craig S. Waldman
        Email: cwaldman@stblaw.com

425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Attorneys for Citigroup Global Markets Inc. and Wachovia Capital Markets LLC*